HowexiE, J.
This is a suit to compel the defendant to remove obstructions to the use of a common alley-way; the defence to which is the prescription of ten years.
Madame Gertrude Leauthier, being1 'the owner of a large portion of ground in the square comprised within Apollo, Erato, Bacchus and Clio streets, on the 15th of April, 1851, sold to Amar Ereres four lots fronting on Erato street, designated on a plan of the whole property made by Geo. T. Dunbar, surveyor, on 31st January, 1848, as lots Nos. 9, 10,11 and 12, and “bounded by a passage of nine feet in width, opening upon said Erato street, the use of which is common to them, with other lots figured on said plan.” Through subsequent conveyances, lot No. 9 and half of lot No. 10, with all the rights, ways and privileges thereto pertaining, became the property of plaintiff on the 6th October, 1865; each act of conveyance preserving the same boundaries and the use of the said alley, common to all the lots described on the said plan.
On the 31st May, 1860, the said Madame Leauthier sold to defendant the balance of her said property in said square, agreeably to a plan drawn by P. N. Tourné, architect, on 25th February, 1860, on which said land is divided into eleven lots, and the said alley figures. In this act of sale and plan, the vendor and common author of plaintiff and defendant describes the property sold as bounded on one side by the said “alley nine feet wide, opening on Erato street, and common to.said convoyed property, and another sold to Amar Brothers,” and also by another alley eleven feet wide, communicating with the first-named alley and running in the rear of said Amar Brothers’ property. The obstruction complained of is a very old building used as a kitchen, and extending across the alley opening into Erato street, at its junction with the one in rear of plaintiff’s lots, both forming the side and rear boundaries thereof.
It is evident that defendant did not purchase the soil of this alley-way, and the only question is, is plaintiff’s right to the use thereof prescribed by non-usage during ten years ?
We think not.
The right of servitude was granted in April, 1851, and was acknowledged and recognized in May, 1860, by the debtor, which interrupted prescription, and this suit was brought before it could again accrue. O. O. 3486.
*53 There was no reservation in his favor, nor restriction of this servitude in defendant’s title. He acquired no greater rights than his vendor, who at the date of the sale to him, could not have legally restricted the enjoyment of the servitude by those in whose favor she had established it; for their right was not then prescribed. By accepting a title recognizing this servitude, it could be enforced as against him during a new term for prescription.
It is contended that under Art. 800, C. 0., by the mere filing of the plea of prescription, the burden of proving usage during the ten years previous, was thrown upon plaintiff. To this, it is replied that plaintiff has shown an effort, on his part, “during the time necessary to prevent the establishment of prescription,” to obtain the use of the servitude, and that he is resisted by defendant, who cannot, in this respect, take advantage of his own wrong. The case would probably be very different, if ten years had expired since the re-establishment of the servitude by defendant’s vendor. In point of fact, prescription had not been acquired at the date of defendant’s purchase, and the reference in the act to the existence of the alley-way as common to the various lots bordering on it, is sufficiently precise and explicit to interrupt prescription.
We think no damages can be allowed.
It is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of plaintiff and against defendant, ordering him to remove all of his obstructions to plaintiff’s free use and passage of the alley-way nine feet wide, running along the whole length of plaintiff’s property on the side next to Apollo street, and established as a perpetual servitude. It is further ordered, that defendant pay costs in both courts.